UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 14-CIV-61936-BLOOM

CLINTON K .SHILLINGFORD, II,

Plaintiff

v.

ROLLY MARINE SERVICE, INC,
SHERYL A. LOPEZ,
SUE E. ROCKS,
SANDRA LATTA,
GREG POULOS,

    Defendants.
_____/

## ORDER ON MOTION TO DISMISS

**THIS CAUSE** came before the Court on Defendants Rolly Marine Service Company, Sheryl A. Lopez, Sue E. Rocks, Sandra Latta and Greg Poulos' ("Defendants") Motion to Dismiss, ECF No. [17] (the "Motion"). The Court has reviewed the Motion, all supporting and opposing filings, and the record in this case, and for reasons set forth below, in part grants and in part denies the Motion.

### I.   BACKGROUND

Plaintiff Clinton K. Shillingford ("Plaintiff"), proceeding *pro se*, filed his Complaint, ECF No. [1] on July 11, 2014. Plaintiff, who was previously employed by the Defendant corporation and with the individual Defendants, makes a series of factual allegations concerning racist, illegal and other improper behavior on the part of Defendants. These include the following:[1]

---

[1] The Court has considered additional facts in Plaintiff's Response to the extent they clarify allegations in the Complaint. *See McCroan v. Morgan*, 2014 WL 1572690, at *3 (N.D. Fla. Apr. 16, 2014) ("[M]aterials considered on a motion to dismiss under Fed. R. Civ. P. 12(b)(6) are generally limited to the complaint and attached exhibits, the Court can consider

- Violation of "EPA Regulations" by "dumping 'wash down tank water' that comes from pressure washing boat bottoms."

- Use of "lead based bottom paint on customer's [sic] yachts."

- Possession of a firearm at the workplace "in violation of federal law" and improper discharge a firearm on the workplace premises.

- "Selling working firearms, including numerous assault rifles, without [] having a Federal Firearms License, from the A.T.F." at the workplace during normal business hours.

- Display of "racist political propaganda" targeting the President of the United States, Barack Obama (including, e.g., a photo of the President holding a banana, and a used gun range target transposed with the President's image).

- Maintenance of a "racially biased and hostile environment" by, e.g., the use of racist language directed against Plaintiff; forcing Plaintiff to store his lunch in a refrigerator which contained dangerous chemicals "simply because he was black, and it was known no Caucasian employees stored any of their food or drink" there; and hysterical reaction – what Plaintiff describes as "utilizing the 'Big Black Man' syndrome" – to Plaintiff's attempt to address perceived workplace discrimination issues.

- Maintenance of "an ongoing racially discriminative company policy" to manipulate the assignment of overtime duties to Plaintiff's detriment, and deny Plaintiff overtime pay, on the basis of Plaintiff's race and in retaliation for Plaintiff's complaints about the aforementioned behavior.

- Threat of termination and wrongful termination of Plaintiff in retaliation for raising issue of racist prejudice in the workplace.

Defendants filed the instant Motion to dismiss Plaintiff's Complaint for failure to state a cause of action upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6), and have additionally requested that the Court sanction Plaintiff by enjoining him from filing further civil actions without representation. Plaintiff responded, ECF No. [19], and Defendants Replied, ECF No. [26].[2]

---

Plaintiff's response to the extent they clarify the allegations in his complaint." (citing *Pegram v. Herdrich*, 530 U.S. 211, 230, n.10 (2000) (using plaintiff's response brief to clarify allegations in her complaint).
   [2] Plaintiff improperly submitted supplemental briefing, ECF No. [29], which the Court will not consider.

2

## II. DISCUSSION

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To satisfy the Rule 8 pleading requirements, a complaint must provide the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512, (2002). While a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that the Rule 8(a)(2) pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). The Supreme Court has emphasized that "[t]o survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also Am. Dental Assoc. v. Cigna Corp.*, 605 F.3d 1283, 1288-90 (11th Cir. 2010).

When reviewing a motion to dismiss, a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009) ("On a motion to dismiss, the complaint is construed in the light most favorable to the non-moving party, and all facts alleged by the non-moving party are accepted as true." ); *Iqbal*, 556 U.S. at 678. A court considering a Rule 12(b) motion is generally limited to the facts contained in the complaint and attached exhibits, but may also consider documents referred to in

the complaint that are central to the claim and whose authenticity is undisputed. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *Maxcess, Inc. v. Lucent Technologies, Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity.") (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002)). While the court is required to accept as true all allegations contained in the complaint, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678. "Dismissal pursuant to Rule 12(b)(6) is not appropriate 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Magluta v. Samples*, 375 F.3d 1269, 1273 (11th Cir. 2004) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

"A *pro se* litigant's pleadings must be construed more liberally than those pleadings drafted by attorneys." *Jarzynka v. St. Thomas Univ. of Law*, 310 F. Supp. 2d 1256, 1264 (S.D. Fla. 2004) (citing *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972) and *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990) ("In the case of a *pro s*e action . . . the court should construe the complaint more liberally than it would formal pleadings drafted by lawyers"); *see Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (explaining that "we are to give liberal construction to the pleadings of *pro se* litigants").

However, "this leniency does not give a court license to serve as *de facto* counsel for a party . . . or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted). "[D]espite liberal pleading standards for *pro se* litigants, the Court cannot be forced to speculate on what someone is complaining about." *Grady v. Georgia Dep't of Correction*, 2010 WL 322881, at *2 (S.D. Ga. Jan. 27, 2010). The Court cannot simply "fill in the blanks" to infer

4

a claim.  *See Brinson v. Colon*, 2012 WL 1028878, at *1 (S.D. Ga. Mar. 26, 2012); *Bivens v. Roberts*, 2009 WL 411527, at *3 (S.D. Ga. Feb.18, 2009) ("judges must not raise issues and arguments on plaintiffs' behalf, but may only construe pleadings liberally given the linguistic imprecision that untrained legal minds sometimes employ") (citing *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008)).  "[I]t is not the Court's duty to search through a plaintiff's filings to find or construct a pleading that satisfies Rule 8."  *Sanders v. U.S.*, 2009 WL 1241636, at *3 (N.D. Ga. Jan. 22, 2009).

Here, Plaintiff has quite literally failed to state a cause of action.  Plaintiff has made several well-stated factual allegations which could eventually support one or more causes of action.  And the Complaint does make reference to both civil RICO and civil rights violations.  But Plaintiff has not articulated a claim or theory of the case.  The Court cannot match Plaintiff's factual allegations to claims not presented.  Nor would Rule 8 be served by forcing Defendants to do so.

Plaintiff's Complaint amounts to an inverse shotgun pleading.  The Eleventh Circuit defines a shotgun complaint as containing "several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions."  *Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp.,* 205 F.3d 1293, 1295 (11th Cir. 2002); *see also Pelletier v. Zweifel*, 921 F.2d 1465, 1517-18 (11th Cir. 1991) (describing such pleadings as "replete with factual allegations that could not possibly be material to any of the causes of action they assert"); *Osahar v. U.S. Postal Service*, 297 Fed. App'x 863, 864 (11th Cir. 2008) (term also refers to pleadings that are "replete with factual allegations and rambling legal conclusions"); *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 979-80 (11th Cir. 2008) (condemning shotgun pleading that bunched together "untold causes of action" in one count).  Here, the Complaint

5

contains a series of factual allegations which paint a plausible picture of improper activity and a hostile workplace. But Plaintiff has not set forth any claims which could make that conduct actionable.

Accordingly, Plaintiff's Complaint is dismissed with leave to amend. *See*, *e.g.*, *Taylor v. Verizon Florida, Inc.*, 2008 WL 2943325, at *2 (M.D. Fla. July 30, 2008) (dismissing with leave to amend where *pro se* plaintiff's complaint "d[id] not contain a short plain statement of the claim, or delineate the alleged causes of action into counts or another organized manner" in violation of Rules 8(a) and 10(b)); *Canty v. Fry's Electronics, Inc.*, 736 F. Supp. 2d 1352, 1376 (N.D. Ga. 2010) (dismissing shotgun complaint with leave to amend, explained that "the Eleventh Circuit has concluded that where a 'more carefully drafted complaint might state a claim, a *pro se* plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice'") (quoting *Case v. Riley*, 270 Fed. App'x 908, 910 (11th Cir. 2008)); *Postell v. Fifth Third Bank*, 2013 WL 686972, at *1 (M.D. Fla. Feb. 26, 2013) (dismissing shotgun pleading by *pro se* plaintiff without prejudice and with leave to amend); *Del Fuoco v. U.S. Dep't of Army*, 2009 WL 2905911, at *1 (M.D. Fla. Sept. 8, 2009) (same).

The Court will highlight the Complaint's pleading deficiency with regard to certain potential causes of action specifically alluded to in Plaintiff's Complaint and Response and addressed in part by Defendants.

**RICO.** "The four elements of civil RICO liability are (1) conduct, (2) of an enterprise, (3) through a pattern, (4) of racketeering activity." *Palm Beach Cty. Environmental Coal. v. Florida*, 651 F. Supp. 2d 1328, 1348 (S.D. Fla. 2009); (citing *Langford v. Rite Aid of Ala., Inc.*, 231 F.3d 1308, 1311 (11th Cir. 2000)). "Plaintiffs in such an action must identify and prove a pattern of racketeering activity, defined as two 'predicate acts' of racketeering activity within a 10-year period." *Id.* at 1349 (citing 18 U.S.C. § 1961(5)). "The phrase 'racketeering activity' is

defined as any act which is indictable under a lengthy list of criminal offenses," including any act or threat involving murder, kidnaping, gambling, arson, robbery, extortion, bribery, mail fraud, wire fraud, counterfeiting, etc." *Langford*, 231 F.3d at 1312; *see also* 18 U.S.C. § 1961(1). "In order to survive a motion to dismiss, a plaintiff must allege facts sufficient to support each of the statutory elements for at least two of the pleaded predicate acts." *Palm Beach*, 651 F. Supp. 2d at 1349 (citing *Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 949 (11th Cir. 1997)).

Plaintiff alleges that Defendants displayed, sold and discharged firearms at their workplace. But that alone would not suffice to place Defendant's activity within the ambit of a civil RICO violation. Further, allegations concerning violation of EPA regulations and environmental laws are themselves insufficient to support a civil RICO claim. *See Anderson v. Smithfield Foods, Inc.*, 209 F. Supp. 2d 1270, 1275 (M.D. Fla. 2002).

***Employment Discrimination.*** Plaintiff's factual allegations can be read to predicate a claim for employment discrimination and/or wrongful termination. However, a plaintiff must first file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") prior to filing a Title VII action. *See Gregory v. Georgia Dep't of Human Resources*, 355 F.3d 1277, 1279 (11th Cir. 2004); *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 460 (5th Cir. 1970). A plaintiff must also have received statutory notice from the EEOC that he or she may file suit. *See Wu v. Thomas*, 863 F.2d 1543, 1547 (11th Cir. 1989) ("It is clear that a single individual plaintiff in a civil action under Title VII must satisfy two jurisdictional requisites: (1) a charge must have been filed with [the] EEOC and (2) the statutory notice must have been received from [the] EEOC."). "The purpose of the exhaustion requirement is that the EEOC should have the first opportunity to investigate the alleged discriminatory practices to permit it to perform its role in obtaining voluntary compliance and promoting conciliation efforts." *Ramsay*

*v. Broward County Sheriff's Office*, 2007 WL 6861073, at *5 (S.D. Fla. May 24, 2007) (quotations omitted). Here, Plaintiff has not demonstrated that he filed anything with the EEOC, obtained statutory notice to file a Title VII complaint from the EEOC, and/or that he has exhausted the EEOC administrative process prior to bringing this action.

*Criminal and Statutory Violations.* The Complaint also contains factual allegations of Defendants' violation of environmental regulations and criminal prohibitions (e.g., relating to firearm sale and use). In addition to failing to specify which federal laws or regulations Defendants are alleged to have violated, Plaintiff has nowhere supported a private right of action under the statutes upon which he may reply. *See Flournoy v. Copley*, 2013 WL 5487415, at *2 (M.D. Fla. Sept. 30, 2013) ("The Eleventh Circuit has explained that an implied private right of action under a federal statute should only be found where there is 'clear evidence of Congress's intent to create a cause of action.'" (quoting *McDonald v. S. Farm Bureau Life Ins. Co.*, 291 F.3d 718, 723 (11th Cir. 2002)); *Waverly v. Emory Healthcare, Inc.*, 2013 WL 5755596, at *3 (M.D. Ga. Oct. 23, 2013) ("criminal statutes do not generally provide a stand-alone private civil cause of action"); *see generally United States ex rel. Pickens v. GLR Constructors, Inc.*, 196 F.R.D. 69 (S.D. Ohio 2000) (discussing *qui tam* action under FCA for violation of Clean Water Act by "discharging oily bilge water into the Ohio River").

### III.  CONCLUSION

For the foregoing reasons, Plaintiff's Complaint is dismissed without prejudice, and Plaintiff will be afforded an opportunity to amend his complaint to address the deficiencies explained in this Order. Defendant's request for sanctions is not well taken. Plaintiff's allegations are neither frivolous nor, on their face, made in bad faith.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion to Dismiss, **ECF No. [17]**, is **GRANTED** as set forth

herein.

2. Plaintiff's Complaint, **ECF No. [1]**, is **DISMISSED without prejudice**.

3. Plaintiff may file an amended complaint on or before **December 15, 2014**.

4. Plaintiff's filing of November 12, 2014 for clarification or amendment, **ECF No. [31]** is **DENIED as moot** to the extent it seeks leave to amend the Complaint to add the facts or information in that submission.

5. Defendants' Motion to Stay Discovery, **ECF No. [22]**, and Plaintiff's discovery request in **ECF No. [24]**, are both **DENIED as moot**. Discovery will **recommence** upon Plaintiff's filing of his amended complaint.

**DONE AND ORDERED** in Fort Lauderdale, Florida this 24th day of November, 2014.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

Copies to:
Counsel of Record